UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD ELBLING,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CRAWFORD AND COMPANY,<br><br>　　　　　　　　　　Defendant. | Civil No.: 16cv2951-L(KSC)<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

In this action alleging denial of benefits under an employee pension benefit plan pursuant to the Employee Retirement Income Security Act ("ERISA"), Defendant Crawford and Company filed a motion to dismiss. Plaintiff filed an opposition and Defendant replied. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, Defendant's motion is granted. Plaintiff is granted leave to amend.

According to the complaint, Plaintiff was employed by Defendant as an Executive General Adjuster for over fourteen years before retiring at the age of 70. During his employment, Plaintiff entered into Defendant's deferred compensation plan ("DCP"). When he retired, Plaintiff had earned over $76,000 worth of long-term incentive credits

("LTIC") under the DCP, and was fully vested. Immediately after retiring, Plaintiff began working for Defendant's competitor Vericlaim. Shortly thereafter, he received a letter from Defendant that his LTIC benefits were forfeited because he violated a non-compete provision included in the DCP.

Plaintiff unsuccessfully appealed Defendant's decision to deny benefits, and did not pursue a second-level appeal. Instead, he filed the instant action alleging claims for denial of benefits under ERISA, declaratory relief that the non-compete provision is unenforceable under California law, breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and unfair competition in violation of California Business and Professions Code §17200 *et seq.* ("Unfair Competition Law" or "UCL"). The Court has federal question jurisdiction over the ERISA claim pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §1367(a).

Pending before the Court is Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC,* 718 F.3d 1006, 1014 (9th Cir. 2013). Alternatively, the complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Id.* The Court must assume the truth of all factual allegations in the complaint and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). On the other hand, legal conclusions, even if cast in the form of factual allegations, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Defendant argues that the complaint should be dismissed because Plaintiff failed to exhaust administrative remedies by not pursuing a second-level appeal, the ERISA claim lacks merit, and the state law claims are preempted. In his opposition, Plaintiff withdrew

the second cause of action for declaratory relief, but opposed all other aspects of Defendant's motion.

1.     **Exhaustion of Administrative Remedies**

To file a court action under ERISA, "a claimant must avail himself or herself of a plan's own internal review procedures." *Diaz v. United Agr. Employee Welfare Benefit Plan,* 50 F.3d 1478, 1483 (9th Cir. 1995). Failure to exhaust the plan's internal review procedures precludes a court action. *Sarraf v. Standard Ins. Co.,* 102 F.3d 991, 993 (9th Cir. 1996).

The DCP includes internal review procedures.[1] The pertinent provisions are:

**§13 Claims Procedures**

13.1. <u>Presentation of Claim.</u> Any . . . Claimant . . . may deliver to the Committee a written claim for a determination with respect to the amounts distributable to such Claimant from the Plan. If such a claim relates to the contents of a notice received by the Claimant, the claim must be made within 60 days after such notice was received by the Claimant. All other claims must be made within 180 days of the date on which the event that caused the claim to arise occurred. . . .. [¶]

13.3. <u>Review of a Denied Claim.</u>  Within 60 days after receiving a notice from the Committee that a claim has been denied, in whole or in part, a Claimant . . . may file with the Committee a written request for review of the denial of the claim. Thereafter, the Claimant . . .:
(a)    may review all documents . . .;
(b)    may submit written comments or other documents; and/or
(c)    may request a hearing . . . . [¶]

13.6. <u>Legal Action.</u>  A Claimant's compliance with the foregoing provisions of this §11 is a mandatory prerequisite to the Participant's or beneficiary's

---

[1]    The Court takes judicial notice of the DCP because it is referenced in the complaint. *See Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006). "The court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* (internal quotation marks and citation omitted).

3

> right to commence any legal action with respect to any claim for benefits under this Plan.

(Def.'s Ex. A ("DCP") .)

It is undisputed that Plaintiff complied with the first step described in §13.1, but did not make the second step described in §13.3. Plaintiff argues that the second step was not mandatory, but optional because section 13.3 states that the Claimant "may" file the request, not that he "must."

Defendant counters that §13.6 makes clear that the second step is mandatory. The Court disagrees. First, §13.6 refers to "foregoing provisions of this §11" and not §13. Second, if the Court assumes that the reference to §11 is an error, as it seems inapposite, all that §13.6 imparts is that prior to filing a legal action, a claimant must follow the Claims Procedures. This sheds no light on which of the procedures are mandatory and which are not, but merely clarifies that a legal action cannot be filed before filing a claim.

At best, §13.3 is ambiguous. The unqualified use of the word "may" can reasonably lead one to read the provision as optional. On the other hand, it is not unreasonable, as Defendant proposes, that, read in conjunction with §13.6, a claimant must proceed to internal review of a denied claim, if he or she wishes to file a legal action. Where, as here,

> plan documents could be fairly read as suggesting that exhaustion is not a mandatory prerequisite to bringing suit, claimants may be affirmatively misled by language that appears to make the exhaustion requirement permissive when in fact it is mandatory as a matter of law.

*Spindex Phys. Therapy USA Inc. v. United Healthcare of Ariz., Inc.,* 770 F.3d 1282, 1298 (9th Cir. 2014). Under such circumstances, failure to exhaust administrative remedies does not bar the claimant from bringing suit. *Id.* Accordingly, to the extent Defendant contends this action should be dismissed for failure to exhaust, its motion is denied.

/ / / / /

## 2. Denial of Benefits

Plaintiff's theory of the case is that Defendant violated ERISA by denying his vested LTIC credits as forfeited under DCP's non-compete provision. (DCP §6.4.) It is undisputed that Plaintiff violated the non-compete provision. What is disputed is whether the provision is enforceable. According to Plaintiff, 29 U.S.C. §1053(a) provides minimum vesting standards, which he has met, because he had worked for Defendant for more than 10 years, and was 70 years old when he retired from Defendant's employment. (*See* Compl. at 3-4.) Section 1053(a) further provides that such vested benefits cannot be forfeited. Plaintiff maintains that the non-compete provision is therefore unenforceable.

Defendant does not dispute this, but contends that the DCP is exempt from ERISA's minimum vesting standards. ERISA exempts from minimum vesting standards any "plan which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." 29 U.S.C. §1051(2).

Plaintiff alleged that participation in the DCP was offered to "highly compensated adjustors." (Compl. at 4.) Furthermore, the DCP states it was intended to "come within the various exceptions and exemptions to [ERISA] for unfunded deferred compensation plan maintained primarily for a select group of management or highly compensated employees . . .." (DCP §14.3.)

Based on the foregoing, it does not appear that the minimum vesting standards of §1053(a) apply to the DCP. Defendant's motion to dismiss the first cause of action based on denial of ERISA benefits is therefore granted.

Plaintiff requests leave to amend, which Defendant opposes. Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is not appropriate unless it is clear the complaint cannot be saved by amendment. *See id.* Because it may be possible for Plaintiff to allege a viable ERISA claim, leave to amend is granted.

### 3. Preemption of State Law Claims

Plaintiff's alternative theory of the case is that state law compels Defendant to pay him the LTICs because the non-compete provision is unenforceable. Defendant counters that the state law claims should be dismissed because they are preempted by ERISA.

Plaintiff concedes that the second cause of action for declaratory relief is preempted, and has withdrawn it. (Opp'n at 3.) As to the remaining state law claims, Plaintiff maintains that they are not. He alleges that Defendant breached the DCP by refusing to pay him the LTICs, that he breached the implied covenant of good faith and fair dealing included in his employment contract by depriving him of the benefits under the DCP, and it violated the UCL when it refused to pay the LTICs. (Compl. at 9-16.) Plaintiff seeks damages and/or restitution. (*Id.* at 16.)

> There are two strands to ERISA's powerful preemptive force. First, ERISA section 514(a) expressly preempts all state laws 'insofar as they may now or hereafter relate to any employee benefit plan[,]' 29 U.S.C. § 1144(a) . . .. [¶] Second, ERISA section 502(a) contains a comprehensive scheme of civil remedies to enforce ERISA's provisions. *See* 29 U.S.C. § 1132(a). A state cause of action that would fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme, even if those causes of action would not necessarily be preempted by section 514(a).

*Cleghorn v. Blue Shield of Cal.,* 408 F.3d 1222, 1225 (9th Cir. 2005) (citing *Aetna Health, Inc. v. Davila,* 542 U.S. 200, 214 n.4 (2004)).

All of Plaintiff's state law claims seek the payment of benefits under the DCP. Plaintiff concedes that the DCP is "an employee pension benefit plan governed by ERISA." (Compl. at 7.) Accordingly, the state law claims fall within the scope of ERISA's exclusive remedial scheme, which states in pertinent part:

> A civil action may be brought --
>
>     (1)    by a participant or beneficiary --
> [¶]
>     (B)    to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, . . ..

29 U.S.C. §1132(a)(1)(B). Accordingly, the state law claims are preempted by ERISA.

To the extent Defendant seeks dismissal of state law claims, its motion is granted. Plaintiff's request for leave to amend is also granted, as Plaintiff may be able to recast his claims under ERISA.

For the foregoing reasons, Defendant's motion to dismiss is granted. If Plaintiff wishes to file an amended complaint, he must do so no later than April 30, 2018. Defendant shall file a response, if any, to the first amended complaint within the time set forth in Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated: March 28, 2018

_____
Hon. M. James Lorenz
United States District Judge